# EXHIBIT A

| AOC-E-105    Sum Code: CI | | Case #: **19-CI-00022** |
|---|---|---|
| Rev. 9-14 |  | Court: **CIRCUIT** |
| Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov | | County: **WOODFORD** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* **REGAN, MALISSA VS. UNITED OF OMAHA LIFE INSURANCE COMPANY**, *Defendant*

TO:  **UNITED OF OMAHA LIFE INSURANCE COMPANY**
**GENERAL COUNSEL**
**3300 MUTUAL OF OMAHA PLAZA**
**OMAHA, NE 68175**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Christie Edwards,
Woodford Circuit Clerk
Date: **2/4/2019**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20____

Served By _____

Title _____

Summons ID: 144963810573657@00000064744
CIRCUIT: 19-CI-00022 Long Arm Statute – Secretary of State
REGAN, MALISSA VS. UNITED OF OMAHA LIFE INSURANCE COMPANY



Page 1 of 1

**eFiled**

Filed                  19-CI-00022    02/04/2019        Christie Edwards, Woodford Circuit Clerk
A true copy attest     19-CI-00022    02/04/2019        /s/Christie Edwards, Woodford Circuit Clerk

COMMONWEALTH OF KENTUCKY
WOODFORD CIRCUIT COURT
CIVIL ACTION NO. 19-CI-00022
*Electronically Filed*

MALISSA REGAN                                                                PLAINTIFF

vs.                    **COMPLAINT AND JURY DEMAND**

UNITED OF OMAHA LIFE INSURANCE COMPANY                                       DEFENDANT

**To be served through:**
General Counsel
United of Omaha Life Insurance Co.
3300 Mutual of Omaha Plaza
Omaha, Nebraska 68175

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Malissa Regan, and for her Complaint and Jury Demand against Defendant United of Omaha Life Insurance Company ("United of Omaha"), states as follows:

1. Plaintiff Malissa Regan is a citizen and resident of Woodford County, Kentucky.

2. Defendant United of Omaha is an insurance company domiciled in the state of Nebraska, where it is a citizen and resident, with a statutory home office located at Mutual of Omaha Plaza, Omaha, NE 68175, and United of Omaha is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

3. United of Omaha's service of process agent is General Counsel, 3300 Mutual of Omaha Plaza, Omaha, Nebraska 68175, and United of Omaha may be served through said service of process agent.

4. Jurisdiction and venue are proper in this Court because Defendant transacts business and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Woodford County, Kentucky.

Filed                  19-CI-00022    02/04/2019        Christie Edwards, Woodford Circuit Clerk
A true copy attest     19-CI-00022    02/04/2019        /s/Christie Edwards, Woodford Circuit Clerk

Filed                    19-CI-00022    02/04/2019    Christie Edwards, Woodford Circuit Clerk
A true copy attest       19-CI-00022    02/04/2019    /s/Christie Edwards, Woodford Circuit Clerk

5. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Piramal Pharma Solutions Inc. ("Piramal") employed as a Pharmaceutical Lab Inspector. Plaintiff was an employee of Piramal since approximately 2013.

6. Piramal established and provided a short-term disability plan ("Plan" or "STD Plan") to its employees, which includes Plaintiff.

7. Plaintiff was covered and eligible under the Plan.

8. The disability policy defines disability and entitles Plaintiff to receive short-term disability benefits, if Plaintiff meets the following definition:

*Disability* and *Disabled* mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred, as a result of which:
a) during the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular Job (on a part-time or full-time basis); and
b) after the Elimination Period, You are:
   1. prevented from performing at least one of the Material Duties of Your Regular Job (on a part-time or full-time basis); and
   2. unable to generate Current Earnings which exceed 99% of Your Basic Weekly Earnings due to that same Injury or Sickness.

Disability is determined relative to Your ability or inability to work. It is not determined by the availability of a suitable position with the Policyholder.

9. Defendant has a responsibility for payment of any disability benefits due according to the terms and conditions of the disability policy.

10. Plaintiff, while working for Piramal, became disabled under the terms of the disability policy, which disability arose after the Effective Date of the policy, and she was unable to return to work at Piramal on or about February 2018, and remains disabled under the terms of the disability policy.

Filed                    19-CI-00022    02/04/2019    Christie Edwards, Woodford Circuit Clerk
A true copy attest       19-CI-00022    02/04/2019    /s/Christie Edwards, Woodford Circuit Clerk

Filed          19-CI-00022   02/04/2019   Christie Edwards, Woodford Circuit Clerk
A true copy attest   19-CI-00022   02/04/2019   /s/Christie Edwards, Woodford Circuit Clerk

11. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the disability policy. Plaintiff's disability claim number is believed to be 180460009701 and the policy number is believed to be GUG-0ARAK.

12. By letter dated April 30, 2018, Defendant denied Plaintiff's claim for short-term disability benefits under the policy.

13. Plaintiff timely and properly appealed the denial of her short-term disability benefits, in the manner set forth in the applicable policy.

14. By letter dated December 18, 2018, Defendant upheld the denial of Plaintiff's claim for short-term disability benefits.

15. Plaintiff has timely and properly exhausted any required administrative remedies and appeals.

16. Plaintiff is entitled to payment of disability benefits, as Plaintiff meets the definition of "disability" under the terms of the applicable policy.

17. Plaintiff is entitled to STD benefits under the terms of the STD policy and Defendant should be required to perform under the contract and pay STD benefits to Plaintiff.

18. The denial of Plaintiff's claim for STD benefits is a breach of contract, and Defendant's breach of its contractual duties and obligations has caused Plaintiff damages.

19. The decision of Defendant to deny contractual benefits under the STD policy constitutes a breach of fiduciary duties, an abuse of discretion, and was arbitrary and capricious, and contrary to the overwhelming evidence supplied to United of Omaha in the medical evidence and other information supplied by Plaintiff, which entitles Plaintiff to contractual benefits, interest, and attorney's fees.

20. The STD Policy and coverage discussed herein does not meet the qualifications of a plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et. seq.*

3

Filed          19-CI-00022   02/04/2019   Christie Edwards, Woodford Circuit Clerk
A true copy attest   19-CI-00022   02/04/2019   /s/Christie Edwards, Woodford Circuit Clerk

Filed                          19-CI-00022    02/04/2019           Christie Edwards, Woodford Circuit Clerk
A true copy attest    19-CI-00022    02/04/2019           /s/Christie Edwards, Woodford Circuit Clerk

21. In the alternative to allegation number 20 above, if the STD Policy does meet the qualifications for ERISA, then the decisions made by Defendant to deny Plaintiff's claim were arbitrary and capricious, against the overwhelming evidence provided to Defendant, and a breach of fiduciary duty, which entitles Plaintiff to contractual benefits, interest, and attorney's fees under ERISA 29 U.S.C. 1132(a) and 29 U.S.C. 1132(g).

22. Defendant should be enjoined from stopping payments under the contract.

23. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff Malissa Regan demands the following relief:

1. Judgment against Defendant for full contractual benefits, attorney's fees, prejudgment and post-judgment interest;

2. Trial by jury; and

3. Any and all other relief to which Plaintiff appears to be entitled.

Respectfully submitted:

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

4

Filed                          19-CI-00022    02/04/2019           Christie Edwards, Woodford Circuit Clerk
A true copy attest    19-CI-00022    02/04/2019           /s/Christie Edwards, Woodford Circuit Clerk



**ALISON LUNDERGAN GRIMES
SECRETARY OF STATE**

P.O. Box 718
Frankfort, Kentucky 40602-0718

 **REGISTER TO VOTE**



7018 2290 0000 8811 5408

UNITED OF OMAHA LIFE INSURANCE COMPANY
GENERAL COUNSEL
3300 MUTUAL OF OMAHA PLAZA
OMAHA, NE 68175